FILED

OCT 3 0 2005

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE ESTATE OF STEPHEN B. BLAND
By and through its Administrator,
RUTH ANN BLAND

    and

THE ESTATE OF FRANK BLAND
By and through its Administrator,
JAMES BLAND

    and

JAMES BLAND

    and

RUTH ANN BLAND

    and

THE ESTATE OF LAURA V. COPELAND
By and through its Administrator,
STEVEN COPELAND

    and

THE ESTATE OF SIDNEY DECKER
By and through its Administrator
IDA DECKER

    and

DUDLEY DECKER

    and

IDA DECKER

    and

JOHNNIE DECKER

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NUMBER  1:05CV02124

JUDGE: Royce C. Lamberth

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: ▆/▆/2005
      10 30

JURY ACTION

2

and                                          :
                                             :
CAROLYN MUDD                                 :
                                             :
and                                          :
                                             :
THE ESTATE OF SEAN F. ESTLER                 :
By and through its Administrator,            :
LOUIS C.ESTLER, JR. AND                      :
MARY ELLEN ESTLER                            :
                                             :
and                                          :
                                             :
KEITH ESTLER                                 :
                                             :
and                                          :
                                             :
LOUIS C. ESTLER, JR.                         :
                                             :
and                                          :
                                             :
MARY ELLEN ESTLER                            :
                                             :
and                                          :
                                             :
THE ESTATE OF BENJAMIN E. FULLER             :
By and through its Administrator,            :
ELAINE ALLEN                                 :
                                             :
and                                          :
                                             :
ELAINE ALLEN                                 :
                                             :
and                                          :
                                             :
ERNEST C. FULLER                             :
c/o DAVID ALLEN                              :
                                             :
and                                          :
                                             :
THE ESTATE OF MICHAEL HASTINGS               :
By and through its Administrator,            :
JOYCE HASTINGS                               :
                                             :
and                                          :

JOYCE HASTINGS

and

THE ESTATE OF PAUL HEIN
By and through its Administrator,
JO ANN HEIN

and

CHRISTOPHER HEIN

and

JO ANN HEIN

and

KAREN HEIN

and

VICTOR HEIN

and

JACQUELINE M. KUNCYZ

and

THE ESTATE OF JOHN HENDRICKSON
By and through its Administrator,
DEBORAH RYAN

and

JOHN HENDRICKSON

and

TYSON HENDRICKSON

and

DEBORAH RYAN

:
:
and
:
:
THE ESTATE OF BRUCE HOLLINGSHEAD    :
By and through its Administrator,    :
MELINDA HOLLINGSHEAD    :
:
and    :
:
MELINDA HOLLINGSHEAD    :
:
and    :
:
THE ESTATE OF MICHAEL R. MASSMAN    :
By and through its Administrator,    :
LYDIA MASSMAN    :
:
and    :
:
NICOLE GOMEZ    :
:
and    :
:
ANGELA MASSMAN    :
:
and    :
:
KRISTOPHER MASSMAN    :
:
and    :
:
LYDIA MASSMAN    :
:
and    :
:
PATRICIA LOU SMITH    :
:
and    :
:
THE ESTATE OF LOUIS MELENDEZ    :
By and through its Administrator,    :
ZAIDA MELENDEZ    :
:
and    :
:
DOUGLAS J. MELENDEZ    :

4

and                                                    :

JOHNNY MELENDEZ                                        :

and                                                    :

JOHNNY MELENDEZ, JR.                                   :

and                                                    :

ZAIDA MELENDEZ                                         :

and                                                    :

THE ESTATE OF MICHAEL D. MERCER                        :
By and through its Administrator,
SARAH MERCER                                           :

and                                                    :

SARAH MERCER                                           :

and                                                    :

THE ESTATE OF JUAN RODRIGUEZ                           :
By and through it Administrator,
LOUISA PUNTONET                                        :

and                                                    :

LOUISA PUNTONET                                        :

and                                                    :

THE ESTATE OF BILLY SAN PEDRO                          :
By and through it Administrator,
SILA SAN PEDRO                                         :

and                                                    :

CESAR SAN PEDRO                                        :

and                                                    :

GUILLERMO SAN PEDRO                                    :

5

and

JAVIER SAN PEDRO

and

SILA SAN PEDRO

and

THE ESTATE OF JAMES SURCH
By and through its Administrator,
PATTY BARNETT

and

PATTY BARNETT

and

WILL SURCH

and

THE ESTATE OF ERIC WALKER
By and through its Administrator,
TENA WALKER-JONES

and

TENA WALKER-JONES

and

THE ESTATE OF OBRIAN WEEKES
By and through its Administrator,
IANTHE EDMOND

and

ANSON EDMOND

and

ARNOLD EDMOND

and                                               :
                                                  :
HAZEL EDMOND                                       :
                                                  :
and                                               :
                                                  :
WENDY EDMOND                                       :
                                                  :
and                                               :
                                                  :
FAITH WEEKES                                       :
                                                  :
and                                               :
                                                  :
IANTHE WEEKES                                      :
                                                  :
and                                               :
                                                  :
KEITH WEEKES                                       :
                                                  :
and                                               :
                                                  :
META WEEKES                                        :
                                                  :
and                                               :
                                                  :
THE ESTATE OF DENNIS L. WEST                       :
By and through its Administrator,                 :
KATHY WEST                                         :
                                                  :
and                                               :
                                                  :
KATHY WEST                                         :
                                                  :
and                                               :
                                                  :
THE ESTATE OF JOHN WEYL                            :
By and through its Administrator,                 :
SHARON ROWAN                                       :
                                                  :
and                                               :
                                                  :
KELLY BACHLOR                                      :
                                                  :
and                                               :

ROBIN BROCK

and

MORGAN W. ROWAN

and

SHARON ROWAN

and

NELSON WEYL

and

ALAN C. ANDERSON

and

MICHAEL ANDERSON

and

THELMA ANDERSON

and

RONALD DUPLANTY

and

JOHN GIBSON

and

HOLLY GIBSON

and

MAURICE GIBSON

and

RENARD MANLEY

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

and                                              :
                                                 :
SAMUEL PALMER                                    :
                                                 :
and                                              :
                                                 :
ROBIN NICELY                                     :
                                                 :
and                                              :
                                                 :
ROBERT RUCKER                                    :
                                                 :
and                                              :
                                                 :
THURNELL SHIELDS                                 :
                                                 :
and                                              :
                                                 :
EMMANUEL SIMMONS                                 :
                                                 :
and                                              :
                                                 :
BRADLEY ULICH                                    :
                                                 :
and                                              :
                                                 :
JEANETTE DOUGHERTY                               :
                                                 :
and                                              :
                                                 :
MARILYN PETERSON                                 :
                                                 :
and                                              :
                                                 :
RONALD E. WALKER                                 :
                                                 :
and                                              :
                                                 :
RONNIE WALKER                                    :
                                                 :
and                                              :
                                                 :
GALEN WEBER                                      :
                                                 :
            Plaintiffs                           :

v.                                         :
                                           :
THE ISLAMIC REPUBLIC OF IRAN              :
Ministry of Foreign Affairs                :
Khomeini Avenue                            :
United Nations Street                      :
Tehran, Iran                               :
                                           :
and                                        :
                                           :
THE IRANIAN MINISTRY                       :
OF INFORMATION AND SECURITY               :
Pasdaran Avenue                            :
Golestan Tekom                             :
Tehran, Iran                               :
                                           :
                    Defendants.           :

## COMPLAINT

1. This action is brought by the Plaintiffs, by and through their counsel, in the individual capacity of each Plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for their own benefit, for the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to assert a claim under the Foreign Sovereign Immunities Act 28 U.S.C. § 1602 et Seq., and state common law and statutory law. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. § 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises *in personam* jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 U.S.C. § 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391 (f)(4), which provides, in pertinent part, that a civil action against a foreign State may be brought in the United States District Court for the District of Columbia.

2. The Plaintiffs in this action consist entirely of American Nationals who were members of the United States Marine Corps, United States Navy and United States Army, the

estates of such persons, and their heirs at law and legatees of such persons, who suffered injuries or died as a result of injuries inflicted in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis or temporarily, on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referenced, but also to all persons who are family members entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including, but not limited to, 28 U.S.C. § 1602 - 1611.

3.  The Defendant, The Islamic Republic of Iran, is a foreign State which was at the time of the acts hereinafter complained of and is to present designated as a State sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. app. § 2405(j).

4.  The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the Armed Forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah."

5.  Hezbollah is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent

11

action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Defendants gave Hezbollah extensive support, which permitted the organization to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which gave rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon has been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

6.  The Mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital." The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there were sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

7.  Acting on instructions from the Defendants, The Islamic Republic of Iran and the

Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high-level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas-enhanced explosive force equal to 5,000 pounds of explosives. This was in turn mounted in a large Mercedes truck of a type commonly seen on construction projects which had been determined by Iranian terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and through a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which Iranian explosive experts had calculated an explosive magnitude to be produced by the device that would collapse the structure. At approximately 6:22 am, Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four-story reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

8. The actions of the agents of the Defendants as above set forth constitutes acts of torture, extrajudicial killing and the provision of material resources for them are acts as defined in Section 2339A, Title 18, United States Code.

9. The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant, the Ministry of Information and Security and Ali Akbar Mohyashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian

Ambassador to Syria. The above-referred activities of Hezbollah were financed, technologically supported and commanded by Iranian military/ intelligence operatives.

<div align="center">

COUNT I
ESTATE OF STEVEN BOYD BLAND
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

10. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

11. On October 23, 1983, when the explosive device described above was detonated, Steven Boyd Bland, a member of the United States Marine Corps, suffered fatal injuries. The death of Steven Boyd Bland was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Steven Boyd Bland. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

12. The family members of Steven Boyd Bland who survived him, namely, Ruth Ann Bland, James Bland, the Estate of Frank Bland and the Estate of Laura Virginia Copeland, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Steven Boyd Bland, and funeral and burial expenses.

WHEREFORE, the Estate of Steven Boyd Bland demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

<div align="center">

14

</div>

Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT II
ESTATE OF STEVEN BOYD BLAND
SURVIVAL CLAIM
State Common Law and State Statutory Law

</div>

13. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

14. Before death, Steven Boyd Bland suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Steven Boyd Bland demands such judgment jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT III
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

</div>

15. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

16. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

17. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Steven Boyd Bland, to wit, Ruth Ann Bland, James Bland, the Estate of Frank Bland and the

Estate of Laura Virginia Copeland, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Ruth Ann Bland, James Bland, the Estate of Frank Bland and the Estate of Laura Virginia Copeland, demand judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

<div align="center">

COUNT IV
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

</div>

18. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

19. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT V
ESTATE OF SIDNEY DECKER

</div>

<div align="center">16</div>

## CLAIM OF WRONGFUL DEATH
### State Common Law and State Statutory Law

20. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

21. On October 23, 1983, when the explosive device described above was detonated, Sidney Decker, a member of the United States Marine Corps, suffered fatal injuries. The death of Sidney Decker was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Sidney Decker. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

22. The family members of Sidney Decker who survived him, namely, Ida Decker, Dudley Decker, Johnnie Decker and Carolyn Mudd, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Sidney Decker, and funeral and burial expenses.

WHEREFORE, the Estate of Sidney Decker demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT VI
### ESTATE OF SIDNEY DECKER
### SURVIVAL CLAIM
### State Common Law and State Statutory Law

23. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

24. Before death, Sidney Decker suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Sidney Decker demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT VII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

</div>

25. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

26. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

27. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Sidney Decker, to wit, Ida Decker, Dudley Decker, Johnnie Decker and Carolyn Mudd, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Ida Decker, Dudley Decker, Johnnie Decker and Carolyn Mudd demand

judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT VIII
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Section 101 (c)

</div>

28. The Plaintiffs, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

29. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as described above was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT IX
ESTATE OF SEAN F. ESTLER
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

30. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

<div align="center">19</div>

31. On October 23, 1983, when the explosive device described above was detonated, Sean F. Estler, a member of the United States Marine Corps, suffered fatal injuries. The death of Sean F. Estler was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Sean F. Estler. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

32. The family members of Sean F. Estler who survived him, namely, Louis C. Estler, Jr. Keith Estler and Mary Ellen Estler, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Sean F. Estler, and funeral and burial expenses.

WHEREFORE, the Estate of Sean F. Estler demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT X
ESTATE OF SEAN F. ESTLER
SURVIVAL CLAIM
State Common Law and State Statutory Law

</div>

33. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

34. Before death, Sean F. Estler suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, The Estate of Sean F. Estler demands such judgment jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XI
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INLCUDING SOLATIUM**
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

</div>

35. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

36. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

37. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Sean F. Estler, to wit, Louis C. Estler, Jr., Keith Estler and Mary Ellen Estler, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE Louis C. Estler, Jr., Keith Estler and Mary Ellen Estler demand judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

<div align="center">

COUNT XII
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

38. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

<div align="center">21</div>

39. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XIII
ESTATE OF BENJAMIN E. FULLER
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

40. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

41. On October 23, 1983, when the explosive device described above was detonated, Benjamin E. Fuller, a member of the United States Marine Corps, suffered fatal injuries. The death of Benjamin E. Fuller was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Benjamin E. Fuller. Those agents were at all times acting with the scope of their agency and acted on the direction of

the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

42. The family members of Benjamin E. Fuller who survived him, namely, Elaine Allen and Ernest C. Fuller, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Benjamin E. Fuller, and funeral and burial expenses.

WHEREFORE, The Estate of Benjamin E. Fuller demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XIV
## ESTATE OF BENJAMIN E. FULLER
## SURVIVAL CLAIM
## State Common Law and State Statutory Law

43. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

44. Before death, Benjamin E. Fuller suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE the Estate of Benjamin E. Fuller demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XV

23



## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

45. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

46. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

47. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Benjamin E. Fuller, to wit, Elaine Allen and Ernest C. Fuller, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Elaine Allen and Ernest C. Fuller demand judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

### COUNT XVI
### PUNITIVE DAMAGES
### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

48. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

49. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their

agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XVII
ESTATE OF MICHAEL HASTINGS
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

50. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

51. On October 23, 1983, when the explosive device described above was detonated, Michael Hastings, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael Hastings was caused by willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael Hastings. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

52. The beneficiary of Michael Hastings who survived him, namely, Joyce Hastings, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Michael Hastings, and funeral and burial expenses.

<div align="center">

25

</div>

WHEREFORE, the Estate of Michael Hastings demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XVIII
ESTATE OF MICHAEL HASTINGS
SURVIVAL CLAIM
State Common and Law and State Statutory Law

</div>

53. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

54. Before death, Michael Hastings suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE the Estate of Michael Hastings demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XIX
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101(c) and State Common Law

</div>

55. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

56. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

57. As a direct consequence of the actions of the Defendants, the Islamic Republic of the Iranian Ministry of Information of Security, the family members of Decedent, Michael

Hastings, to wit, Joyce Hastings has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff Joyce Hastings demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XX
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101(c)

</div>

58. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

59. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XXI
ESTATE OF PAUL HEIN
CLAIM FOR WRONGFUL DEATH

</div>

### State Common Law and State Statutory Law

60. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

61. On October 23, 1983, when the explosive device described above was detonated, Paul Hein, a member of the United States Marine Corps, suffered fatal injuries. The death of Paul Hein was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Paul Hein. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

62. The family members of Paul Hein who survived him, namely, Jo Ann Hein, Christopher Hein, Karen Hein, Victor Hein and Jacqueline Kuncyz, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistant to the family members, the loss of future earnings and accretions to the Estate of Paul Hein, and funeral and burial expenses.

WHEREFORE, the Estate of Paul Hein demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXII
### ESTATE OF PAUL HEIN
### SURVIVAL CLAIM
### State Common Law and State Statutory Law

63. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

28

64. Before death, Paul Hein suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Paul Hein demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XXIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101(c) and State Statutory Law

</div>

65. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

66. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

67. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Paul Hein, to wit, Jo Ann Hein, Christopher Hein, Karen Hein, Victor Hein and Jacqueline Kuncyz, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Jo Ann Hein, Christopher Hein, Karen Hein, Victor Hein and Jacqueline Kuncyz demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and The Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XXIV
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

</div>

68. The Plaintiffs repeat and re-allege each and every allegation set forth above with the like effect as if alleged herein.

69. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XXV
ESTATE OF JOHN HENDRICKSON
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

70. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

71. On October 23, 1983, when the explosive device described above was detonated, John Hendrickson, a member of the United States Marine Corps, suffered fatal injuries. The death of John Hendrickson was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Hendrickson. Those

agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

72. The family members of John Hendrickson who survived him, namely, Deborah Ryan, John Hendrickson, Jr. and Tyson Hendrickson, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of John Hendrickson, and funeral expenses.

WHEREFORE, the Estate of John Hendrickson demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XXVI
ESTATE OF JOHN HENDRICKSON
SURVIVAL CLAIM
State Common Law and State Statutory Law

</div>

73. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

74. Before death, John Hendrickson suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of John Hendrickson demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXVII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
#### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

75. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

76. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

77. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, John Hendrickson, to wit, Deborah Ryan, John Hendrickson, Jr. and Tyson Hendrickson, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Deborah Ryan, John Hendrickson, Jr. and Tyson Hendrickson demand judgment, jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXVIII
### PUNITIVE DAMAGES
#### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

78. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

79. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war on in police

32

duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div style="text-align:center">

COUNT XXIX
ESTATE OF BRUCE HOLLINGSHEAD
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

80. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

81. On October 23, 1983, when the explosive device described above was detonated, Bruce Hollingshead, a member of the United States Marine Corps, suffered fatal injuries. The death of Bruce Hollingshead was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Bruce Hollingshead. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

82. The family members of Bruce Hollingshead who survived him, namely, Melinda Hollingshead, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable,

<div style="text-align:center">33</div>

suffered pecuniary losses, including assistance to the family members, the loss of future earnings and accretions to the Estate of Bruce Hollingshead, and funeral and burial expenses.

WHEREFORE, the Estate of Bruce Hollingshead demands judgment, jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XXX
ESTATE OF BRUCE HOLLINGSHEAD
SURVIVAL CLAIM
State Common Law and State Statutory Law

</div>

83. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

84. Before death, Bruce Hollingshead suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Bruce Hollingshead demands such judgment, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT XXXI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

</div>

85. Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

86. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

87. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Bruce Hollingshead, to wit, Melinda Hollingshead has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty millions dollars.

WHEREFORE, Plaintiff Melinda Hollinghead demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XXXII
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101(c)

</div>

88. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

89. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101(c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against the Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XXXIII
### ESTATE OF MICHAEL R. MASSMAN
### CLAIM FOR WRONGFUL DEATH
### State Common Law and State Statutory Law

90. Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

91. On October 23, 1983, when the explosive device described above was detonated, Michael R. Massman, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael R. Massman was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael R. Massman. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

92. The family members of Michael R. Massman who survived him, namely, Lydia Massman, Nicole Gomez, Angela Massman, Kristopher Massman and Patricia Lou Smith, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Michael R. Massman, and funeral and burial expenses.

WHEREFORE the Estate of Michael R. Massman demands judgment, jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXIV
### ESTATE OF MICHAEL R. MASSMAN
### SURVIVAL CLAIM
#### State Common Law and State Statutory Law

93. Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

94. Before death, Michael R. Massman suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE the Estate of Michael R. Massman demands such judgment, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXV
### INTENTIONAL INFLCTION OF EMOTION DISTRESS INCLUDING SOLATIUM
#### Pub. L. No. 104-208 Div. A. Title I, Section 101 (c) and State Common Law

95. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

96. The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

97. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Michael R. Massman, to wit, Lydia Massman, Nicole Gomez, Angela Massman, Kristopher Massman, and Patricia Lou Smith have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Lydia Massman, Nicole Gomez, Angela Massman, Kristopher Massman, and Patricia Lou Smith demands judgment jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT XXXVI
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

98. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

99. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency of behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101(c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XXXVII
ESTATE OF LOUIS MELENDEZ
CLAIM FOR WRONGFUL DEATH

</div>

State Common Law and State Statutory Law

100.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

101.    On October 23, 1983, when the explosive device described above was detonated, Louis Melendez, a member of the United States Marine Corps, suffered fatal injuries. The death of Louis Melendez was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Louis Melendez. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

102.    The family members of Louis Melendez who survived him, namely, Zaida Melendez, Douglas J. Melendez, Johnny Melendez, and Johnny Melendez, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Louis Melendez, and funeral and burial expenses.

WHEREFORE, the Estate of Louis Melendez demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT XXXVIII
ESTATE OF LOUIS MELENDEZ
SURVIVAL CLAIM
State Common Law and State Statutory Law

103.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

104.   Before death, Louis Melendez suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Louis Melendez demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXIX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
#### Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) and State Common Law

105.   Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

106.   The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

107.   As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Louis Melendez, to wit, Zaida Melendez, Douglas Melendez, Johnny Melendez, and Johnny Melendez, Jr., have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Zaida Melendez, Douglas Melendez, Johnny Melendez and Johnny Melendez, Jr. demand such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XL
### PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

108.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

109.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against the Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XLI
### ESTATE OF MICHAEL D. MERCER
### CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

110.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

111.    On October 23, 1983, when the explosive device described above was detonated, Michael D. Mercer, a member of the United States Marine Corps, suffered fatal injuries. The death of Michael D. Mercer was caused by a willful and deliberate act of extrajudicial killing.

The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Michael D. Mercer. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

112.    The beneficiary of Michael D. Mercer who survived him, namely, Sarah Mercer, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earning and accretions to the Estate of Michael D. Mercer, and funeral and burial expenses.

WHEREFORE, the Estate of Michael D. Mercer demands such judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry and Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XLII
### ESTATE OF MICHAEL D. MERCER
### SURVIVAL CLAIM
### State Common Law and State Statutory Law

113.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

114.    Before death, Michael D. Mercer suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Michael D. Mercer demands such judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry

Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

### COUNT XLIII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
#### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

115.    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

116.    The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

117.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Michael Mercer, to wit, Sarah Mercer has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff Sarah Mercer demands such judgment jointly and severally against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XLIV
### PUNITIVE DAMAGES
#### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

118.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

119.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in

police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XLV
ESTATE OF JUAN RODRIGUEZ
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

120.    Plaintiff repeats and re-alleges, each and every allegation set forth above with equal effect as if alleged herein.

121.    On October 23, 1983, when the explosive device above was detonated, Juan Rodriguez, a member of the United States Marine Corps, suffered fatal injuries. The death of Juan Rodriguez was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Juan Rodriguez. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

122.    The family member of Juan Rodriguez who survived him, namely, Louisa Puntonet, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered

pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Juan Rodriguez, and funeral and burial expenses.

WHEREFORE, the Estate of Juan Rodriguez demands judgment, jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT XLVI
ESTATE OF JUAN RODRIGUEZ
SURVIVAL CLAIM
State Common Law and State Statutory Law

123.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

124.    Before death, Juan Rodriguez suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Juan Rodriguez demands such judgment, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT XLVII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

125.    Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

126.    The acts of defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

127.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family member of Decedent, Juan Rodriguez, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff Louisa Puntonet demands judgment, jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

<div align="center">

COUNT XLVIII
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A., Title I, Section 101 (c)

</div>

128.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

129.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of

<div align="center">46</div>

each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT XLIX
ESTATE OF BILLY SAN PEDRO
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

130.    Plaintiff repeats and re-alleges each and every allegation set above equal effect as

if alleged herein.

131.    On October 23, 1983, when the explosive device described above was detonated,

Billy San Pedro, a member of the United States Marine Corps, suffered fatal injuries. The death

of Billy San Pedro was caused by a willful and deliberate act of extrajudicial killing. The

Defendants, through their agents, financed the attack, planned the attack and rendered material

support to the activities of Hezbollah that resulted in the death of Billy San Pedro. Those agents

were at all times acting with the scope of their agency and acted on the direction of the

Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

132.    The family members of Billy San Pedro who survived him, namely, Sila San

Pedro, Cesar San Pedro, Guillermo San Pedro, and Javier San Pedro, as a proximate consequence

of the actions of the Defendants hereinabove described, for which the Defendants are

vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the

family members, the loss of future earnings and accretions to the Estate of Billy San Pedro, and

funeral and burial expenses.

WHEREFORE, the Estate of Billy San Pedro demands judgment, jointly and severally

against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security in the amount if TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">47</div>

COUNT L
ESTATE OF BILLY SAN PEDRO
SURVIVAL CLAIM
State Common Law and State Statutory Law

133.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

134.    Before death, Billy San Pedro suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Billy San Pedro demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT LI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

135.    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

136.    The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

137.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Billy San Pedro, to wit, Sila San Pedro, Cesar San Pedro, and Javier San Pedro, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Sila San Pedro, Cesar San Pedro, Guillermo San Pedro and

Javier San Pedro demand judgment, jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT LII
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

</div>

138.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

139.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitles to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against the Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT LIII
THE ESTATE OF JAMES SURCH
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

140.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

<div align="center">

49

</div>

141.    On October 23, 1983, when the explosive device described above was detonated, James Surch, a member of the United States Marine Corps, suffered fatal injuries. The death of James Surch was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Surch. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

142.    The family members of James Surch who survived him, namely, Patty Barnett and Will Surch, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of James Surch, and funeral and burial expenses.

WHEREFORE, the Estate of James Surch demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LIV
ESTATE OF JAMES SURCH
SURVIVAL CLAIM
State Common Law and Statutory Law

</div>

143.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

144.    Before death, James Surch suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent herby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of James Surch demands such judgment, jointly and severally,

against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law
</div>

145.    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

146.    The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

147.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, James Surch, to wit, Patty Barnett and Will Surch, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Patty Barnett and Will Surch demand judgment, jointly and severally, against the Defendants, the Islamic Republic of Iran and Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

<div align="center">

COUNT LVI
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A., Title I, Section 101 (c)
</div>

148.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

149.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a

result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitles to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against the Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf if each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT LVII
ESTATE OF ERIC WALKER
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

150.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

151.    On October 23, 1983, when the explosive device described above was detonated, Eric Walker, a member of the United States Marine Corps, suffered fatal injuries. The death of Eric Walker was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Eric Walker. Those agents were at all times acting with the scope of their agency and acted of the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

152.    The family member of Eric Walker who survived him, namely, Tena Walker-Jones, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered

<div align="center">52</div>

pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Eric Walker, and funeral and burial expenses.

WHEREFORE, the Estate of Eric Walker demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT LVIII
ESTATE OF ERIC WALKER
SURVIVAL CLAIM
State Common Law and State Statutory Law

153.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

154.    Before death, Eric Walker suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Eric Walker demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT LIX
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No. 104-208, Div. A, Title I, Section 101(c) and State Common Law

155.    Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

156.    The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

157.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family member of Decedent, Eric

Walker, to wit, Tena Walker-Jones has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff Tena Walker-Jones demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and Iranian Ministry of Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<div align="center">

COUNT LX
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101(c)

</div>

158.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

159.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101(c) the estate of each Decedent and each surviving Plaintiff thereby entitles to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT LXI
ESTATE OF OBRIAN WEEKES

</div>

<div align="center">

54

</div>

## CLAIM FOR WRONGFUL DEATH
### State Common Law and State Statutory Law

160.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

161.    On October 23, 1983, when the explosive device described above was detonated, Obrian Weekes, a member of the United States Marine Corps, suffered fatal injuries. The death of Obrian Weekes was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Obrian Weekes. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

162.    The family members of Obrian Weekes who survived him, namely, Ianthe Weekes, Anson Edmond, Arnold Edmond, Hazel Edmond, Wendy Edmond, Faith Weekes, Keith Weekes and Meta Weekes, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Obrian Weekes.

WHEREFORE, the Estate of Obrian Weekes demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT LXII
### ESTATE OF OBRIAN WEEKES
### SURVIVAL CLAIM

State Common Law and State Statutory Law

163.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

164.    Before death, Obrian Weekes suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Obrian Weekes demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT LXIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Pub. L. No.104-208, Div. A, Title I, Section 101 (c) and State Common Law

165.    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

166.    The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

167.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, Obrian Weekes, to wit, Ianthe Weekes, Anson Edmond, Arnold Edmond, Hazel Edmond, Wendy Edmond, Faith Weekes, Keith Weekes and Meta Weekes, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Ianthe Weekes, Anson Edmond, Arnold Edmond, Hazel

Edmond, Wendy Edmond, Faith Weekes, Keith Weekes and Meta Weekes demand judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

<div align="center">

COUNT LXIV
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

</div>

168.    The Plaintiffs repeat and re-allege each and every allegation set forth above with the effect as if alleged herein.

169.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war on in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208 Div. A., Title I, Section 101 (c) the estate of each Decedent each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT LXV
ESTATE OF DENNIS L. WEST

</div>

## CLAIM FOR WRONGFUL DEATH
### State Common Law and State Statutory Law

170.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

171.    On October 23, 1983, when the explosive device described above was detonated, Dennis L. West, a member of the United States Marine Corps, suffered fatal injuries. The death of Dennis L. West was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Dennis L. West. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

172.    The family member of Dennis L. West who survived him namely Kathy West, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of Dennis L. West, and funeral and burial expenses.

WHEREFORE, the Estate of Dennis L. West demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT LXVI
### ESTATE OF DENNIS L. WEST
### SURVIVAL CLAIM
### State Common Law and State Statutory Law

173.    Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

174.    Before death, Dennis L. West suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of Dennis L. West demands such judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT LXVII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

175.    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

176.    The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

177.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family member of Decedent, Dennis L. West, to wit, Kathy West, has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff Kathy West demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT LXVIII
### PUNITIVE DAMAGES
### Pub. L. No. 104-208, Div. A, Title I, Section 101(c)

178.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

179.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the action of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT LXIX
ESTATE OF JOHN WEYL
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

</div>

180.    Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

181.    On October 23, 1983, when the explosive device described above was detonated, John Weyl, a member of the United States Marine Corps, suffered fatal injuries. The death of John Weyl was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Weyl. Those agents were at all time

acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

182.    The family members of John Weyl who survived him, namely, Sharon Rowan, Kelly Bachlor, Robin Brock, Morgan W. Rowan and Nelson Weyl, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the family members, the loss of future earnings and accretions to the Estate of John Weyl, and funeral and burial expenses.

WHEREFORE, the Estate of John Weyl demands judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXX
ESTATE OF JOHN WEYL
SURVIVAL CLAIM
State Common Law and State Statutory Law

</div>

183.    Plaintiff repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

184.    Before death, John Weyl suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of John Weyl demands such judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<div align="center">

COUNT LXXI
INTENTIONAL INFLICTION O EMOTIONAL DISTRESS INCLUDING SOLATIUM

</div>

Pub. L. No. 104-208, Div. A, Title I, Section 101 (c) and State Common Law

185.    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

186.    The acts of Defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

187.    As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, the family members of Decedent, John Weyl, to wit, Sharon Rowan, Kelly Bachlor, Robin Brock, Morgan W. Rowan and Nelson Weyl, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs Sharon Rowan, Kelly Bachlor, Robin Brock, Morgan W. Rowan and Nelson Weyl demand judgment, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT LXXII
### PUNITIVE DAMAGES
### Pub. L. No. 104-208, Div. A, Title I, Section 101 (c)

188.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

189.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of

their agency on behalf on the Defendants. In accordance with the provisions of Pub. L. No. 104-208, Div. A., Title I, Section 101 (c) the estate of each Decedent and each surviving Plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each Decedent and each surviving Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

<div align="center">

COUNT LXXIII
CLAIM OF ALAN C. ANDERSON
BATTERY
State Common Law

</div>

190.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

191.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Alan C. Anderson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and has permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Alan C. Anderson, demands that judgment be entered, jointly

<div align="center">

63

</div>

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXXIV
## CLAIM OF ALAN C. ANDERSON
## ASSAULT
### State Common Law

192.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

193.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Alan C. Anderson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Alan C. Anderson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT LXXV
## CLAIM OF ALAN C. ANDERSON
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### State Common Law

194.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

195.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Alan C. Anderson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Alan C. Anderson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXVI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
State Common Law and Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

Claims of Michael Anderson and Thelma Anderson

196.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

197.    The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Alan C. Anderson with the intent to inflict emotional distress upon him and upon the members of his family, Michael Anderson and Thelma Anderson. As a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Alan C. Anderson's family, consisting of his brother and mother, were caused to suffer emotional distress.

WHEREFORE, Plaintiffs, Michael Anderson and Thelma Anderson, demand that

judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

<div align="center">

COUNT LXXVII
CLAIM OF ALAN C. ANDERSON
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

198.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

199.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Alan C. Anderson's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendants, the Iranian Ministry of Information and Security, and the Defendant the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-277, amending 28 U.S.C. § 1605 (a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, demands that judgment be entered, jointly and severally,

against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

### COUNT LXXVIII
### CLAIM OF RONALD DUPLANTY
### BATTERY
### State Common Law

200.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

201.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Ronald Duplanty, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and has permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Ronald Duplanty, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### COUNT LXXIX
### CLAIM OF RONALD DUPLANTY
### ASSAULT
### State Common Law

202.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

203.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Ronald Duplanty, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald Duplanty demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXX
CLAIM OF RONALD DUPLANTY
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

</div>

204.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

205.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Ronald Duplanty, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald Duplanty, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXXI
CLAIM OF RONALD DUPLANTY
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

206.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

207.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Ronald Duplanty's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendants, the Iranian Ministry of Information and Security, and the Defendant the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-277, amending 28 U.S.C. § 1605 (a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, demands that judgment be entered, jointly and severally,

against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

<div align="center">

COUNT LXXXII
CLAIM OF JOHN GIBSON
BATTERY
State Common Law

</div>

208.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

209.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Gibson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Gibson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXXIII
CLAIM OF JOHN GIBSON
ASSAULT
State Common Law

</div>

210.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

211.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Gibson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Gibson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXXIV
CLAIM OF JOHN GIBSON
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

</div>

212.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

213.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Gibson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Gibson, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXXV
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
State Common Law and Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

Claims of Holly Gibson and Maurice Gibson

214.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

215.    The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against John Gibson with the intent to inflict emotional distress upon him and upon the members of his family, Holly Gibson and Maurice Gibson. As a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, John Gibson's family, consisting of his wife and brother, were caused to suffer emotional distress.

WHEREFORE, Plaintiffs, Holly Gibson and Maurice Gibson, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

<div align="center">

COUNT LXXXVI
CLAIM OF JOHN GIBSON
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

216.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">

72

</div>

217.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Gibson's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendants, the Iranian Ministry of Information and Security, and the Defendant the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-277, amending 28 U.S.C. § 1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiffs, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

<div align="center">

COUNT LXXXVII
CLAIM OF RENARD MANLEY
BATTERY
State Common Law

</div>

218.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

219.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the

Plaintiff, Renard Manley, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries requires and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Renard Manley, demands judgment be entered, jointly and severally, against Defendants, the Islamic Republic of the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXXVIII
CLAIM OF RENARD MANLEY
ASSAULT
State Common Law

</div>

220.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

221.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Renard Manley, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Renard Manley, demands that judgment be entered, jointly and

severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT LXXXIX
CLAIM OF RENARD MANLEY
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

</div>

222.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

223.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Renard Manley, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Renard Manley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT XC
CLAIM OF RENARD MANLEY
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

224.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as of alleged herein.

<div align="center">75</div>

225.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Renard Manley's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-277, amending 28 U.S.C. § 1605 (a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

<div align="center">

COUNT XCI
CLAIM OF SAMUEL PALMER
BATTERY
State Common Law
</div>

226.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

227.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the

<div align="center">76</div>

Plaintiff, Samuel Palmer, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Samuel Palmer, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT XCII
CLAIM OF SAMUEL PALMER
ASSAULT
State Common Law

</div>

228.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

229.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Samuel Palmer, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Samuel Palmer, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT XCIII
### CLAIM OF SAMUEL PALMER
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### State Common Law

230.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

231.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Samuel Palmer, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful and wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran and through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Samuel Palmer, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT XCIV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
### State Common Law and Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

Claim of Robin Nicely

232.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

233.    The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and

outrageous conduct carried out against Samuel Palmer with the intent to inflict emotional distress upon him and a member of his family, Robin Nicely. As a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Samuel Palmer's family, consisting of his sister was caused to suffer emotional distress.

WHEREFORE, Plaintiff, Robin Nicely, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

<div align="center">

COUNT XCV
CLAIM OF SAMUEL PALMER
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

234.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

235.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Samuel Palmer's rights and physical well being. All of the acts if Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendant the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry if Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-27, amending 28 U.S.C. § 1605(a)(7) making a nation which has been designated as a "state sponsor

<div align="center">79</div>

of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiffs, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

<div align="center">

COUNT XCVI
CLAIM OF ROBERT RUCKER
BATTERY
State Common Law

</div>

236.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

237.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Robert Rucker, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and has permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Robert Rucker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT XCVII
CLAIM OF ROBERT RUCKER
ASSAULT
State Common Law

238.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

239.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Robert Rucker, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Robert Rucker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT XCVIII
CLAIM OF ROBERT RUCKER
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

240.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

241.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Robert Rucker, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful and wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran and

81

through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Robert Rucker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT XCIX
CLAIM OF ROBERT RUCKER
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

242.     The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

243.     The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Robert Rucker's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendant the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-27, amending 28 U.S.C. § 1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

<div align="center">

COUNT C
CLAIM OF THURNELL SHIELDS
BATTERY
State Common Law

</div>

244.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

245.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thurnell Shields, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thurnell Shields, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CI
CLAIM OF THURNELL SHIELDS
ASSAULT

</div>

State Common Law

246.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

247.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thurnell Shields, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thurnell Shields, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CII
CLAIM OF THURNELL SHIELDS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

</div>

248.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

249.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thurnell Shields, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful and wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran and through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thurnell Shields, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CIII
CLAIM OF THURNELL SHIELDS
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

250.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

251.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thurnell Shields' rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendant the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-27, amending 28 U.S.C. § 1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, demands that judgment be entered, jointly and severally,

against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

### COUNT CIV
### CLAIM OF EMMANUEL SIMMONS
### BATTERY
### State Common Law

252.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

253.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Emmanuel Simmons, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and has permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Emmanuel Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### COUNT CV
### CLAIM OF EMMANUEL SIMMONS
### ASSAULT
### State Common Law

254.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

255.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Emmanuel Simmons, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Emmanuel Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CVI
CLAIM OF EMMANUEL SIMMONS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

</div>

256.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

257.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Emmanuel Simmons, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful and wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran and through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Emmanuel Simmons, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CVII
CLAIM OF EMMANUEL SIMMONS
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

258.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

259.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Emmanuel Simmons' rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendant the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-27, amending 28 U.S.C. § 1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Emmanuel Simmons, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS

($250,000,000.00), and costs.

<div align="center">

COUNT CVIII
CLAIM OF BRADLEY ULICH
BATTERY
State Common Law

</div>

260.    The Plaintiff repeats and re-alleges each and every allegation set forth above with

like effect as if alleged herein.

261.    On October 23, 1983 members of Hezbollah by use of an explosive device as

above described, willfully, violently and forcefully battered and did violence to the body of the

Plaintiff, Bradley Ulich, inflicting severe and permanent injuries upon him resulting in great pain

and suffering, which injuries required and continue to require extensive medical treatment, have

necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and has permanently

disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and

directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information

and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Bradley Ulich, demands that judgment be entered, jointly and

severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00),

and costs.

<div align="center">

COUNT CIX
CLAIM OF BRADLEY ULICH
ASSAULT
State Common Law

</div>

262.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

263.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bradley Ulich, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Bradley Ulich, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT CX
## CLAIM OF BRADLEY ULICH
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### State Common Law

264.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

265.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bradley Ulich, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful and wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran and through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Bradley Ulich demands that judgment be entered, jointly and

severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">COUNT CXI<br>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM<br>State Common Law and Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)</div>

Claim of Jeanette Dougherty and Marilyn Peterson

266.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

267.    The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Bradley Ulich with the intent to inflict emotional distress upon him and a member of his family, Jeanette Dougherty and Marilyn Peterson. As a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Bradley Ulich's family, consisting of his sister and mother was caused to suffer emotional distress.

WHEREFORE, Plaintiffs, Jeanette Dougherty and Marilyn Peterson demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

<div align="center">COUNT CXII<br>CLAIM OF BRADLEY ULICH<br>PUNITIVE DAMAGES<br>Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)</div>

268.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

<div align="center">91</div>

269.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Bradley Ulich's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-27, amending 28 U.S.C. § 1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250000,000.00), and costs.

<div align="center">

COUNT CXIII
CLAIM OF RONALD E. WALKER
BATTERY
State Common Law

</div>

270.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

271.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the

Plaintiff, Ronald E. Walker, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Ronald E. Walker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT XCIV
CLAIM OF RONALD E. WALKER
ASSAULT
State Common Law

</div>

272.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

273.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Ronald E. Walker, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald E. Walker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CXV
CLAIM OF RONALD E. WALKER
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

</div>

274.   The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

275.   The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Ronald E. Walker, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful and wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran and through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald E. Walker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CXVI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
State Common Law and Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

Claim of Ronnie Walker

276.   The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

277.   The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and

<div align="center">94</div>

outrageous conduct carried out against Ronald E. Walker with the intent to inflict emotional distress upon him and a member of his family, Ronnie Walker. As a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Ronald E. Walker's family, consisting of his son was caused to suffer emotional distress.

WHEREFORE, Plaintiff, Ronnie Walker demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and costs.

### COUNT CXVII
### CLAIM OF RONALD E. WALKER
### PUNITIVE DAMAGES
### Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

278.    The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

279.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Ronald E. Walker's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendant the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-27, amending 28 U.S.C. §

1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Ronald E. Walker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

<div align="center">

COUNT CXVIII
CLAIM OF GALEN WEBER
BATTERY
State Common Law

</div>

280.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

281.    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Galen Weber, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Galen Weber, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT CXIX
CLAIM OF GALEN WEBER
ASSAULT
State Common Law

282.    The Plaintiff repeats and re-alleges each and every allegation set forth above with the effect as if alleged herein.

283.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Galen Weber, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Galen Weber, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

COUNT CXX
CLAIM OF GALEN WEBER
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
State Common Law

284.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

285.    The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Galen Weber, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful and wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran and

through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Galen Weber, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

<div align="center">

COUNT CXXI
CLAIM OF GALEN WEBER
PUNITIVE DAMAGES
Pub. L. No. 104-208, Div. A. Title I, Section 101 (c)

</div>

286.    The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

287.    The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Galen Weber's rights and physical well being. All of the acts of Hezbollah were facilitated through funding, training and support by the Iranian Republic Ministry of Information and Security. In accordance with 28 U.S.C. § 1605 (a)(7) both the Defendant the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both Defendants, jointly and severally, in accordance with the provisions of Pub. L. No. 105-27, amending 28 U.S.C. § 1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under 6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Galen Weber, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED FIFTY MILLION DOLLARS ($250,000,000.00), and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, request judgment against the Defendants as follows:

1. Awarding Plaintiffs compensatory damages against Defendant in an amount to be determined at trial;

2. Awarding Plaintiffs punitive or exemplary damages against Defendant according to proof at trial;

3. Awarding Plaintiffs prejudgment interest at the maximum rate allowable by law;

4. Awarding Plaintiffs their costs and disbursements and reasonable allowances of fees for Plaintiffs counsel and experts and reimbursement of expenses;

5. Leave to amend this Complaint as interests of justice may allow; and

6. Granting any and all such further relief as the Court may deem just and proper.

Dated: October 28, 2005

Washington, DC

Respectfully submitted,

Richard D. Heideman  BAR # 377462
Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
Telephone: (202) 463-1818
Telefax: (202) 463-2999

Of Counsel:

Steven R. Perles
The Perles Law Firm
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
Telephone: (202) 955-9055
Telefax: (202) 955-1806

Thomas Fortune Fay
The Law Office of Thomas Fortune Fay
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
Telephone: (202) 589-1300

Attorneys for Plaintiff