IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE ESTATE OF STEPHEN B. BLAND<br>By and through its Administrator,<br>RUTH ANN BLAND, et al,<br><br>        Plaintiffs<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al,<br><br>        Defendants | Civil Action No. 05-02124 (RCL) |

**PLAINTIFFS' MOTION WITH POINTS AND AUTHORITIES TO TAKE JUDICIAL NOTICE OF THIS COURT'S MAY 30, 2003 FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RELATED CASES**

COME NOW the Plaintiffs, by and through their undersigned counsel, and pursuant to Fed. R. Evid. 201, respectfully move this Court to (1) take judicial notice of all of the findings of fact and conclusions of law contained in the Court's May 30, 2003 Memorandum Opinion entered in the related cases of *Peterson, et al. v. Islamic Republic of Iran, et al.*, Civ. No. 01-02094 (RCL) (D.D.C.) and *Boulos, et al. v. Islamic Republic of Iran et al.,* Civ. No. 01-02684 (RCL) (D.D.C) (consolidated together and hereinafter referred to as "*Peterson*"), attached hereto as Exhibit A; (2) adopt the findings of fact and conclusions of law contained in said Memorandum Opinion to be fully applicable to this pending matter; and (3) direct that this matter be assigned for the taking of damages evidence by the Court.  In support of this Motion, Plaintiffs state:

    1.    All of the Plaintiffs in this matter (the "Bland Plaintiffs") are similarly situated to their counterparts in *Peterson,* such that the Plaintiffs in both actions

were injured and/or killed or are family members of those who were injured and/or killed in the October 23, 1983 bombing of the Marine barracks in Beirut, Lebanon ("Marine Barracks Bombing") carried out by the terrorist organization Hezbollah.  *See* Exhibit A.

2.The named defendants in this action, the Islamic Republic of Iran and the Iranian Ministry of Information and Security (hereinafter referred to collectively as "Defendants"), are the same defendants as those named in the *Peterson* matter.

3.In *Peterson*, this Court received testimony and other evidence from the plaintiffs in a bench trial that was held on March 17-18, 2003.

4.The Defendants defaulted in the *Peterson* matter, and did not make an appearance at trial.

5.The Defendants also defaulted in the within action, and no counsel has appeared on their behalf or otherwise contacted the Plaintiffs' counsel.  (*See* Clerk's Entry of Default, filed on November 3, 2006, Docket # 13.)

6.The Bland Plaintiffs hereby submit and incorporate by reference a full copy of the Memorandum Opinion, containing findings of fact and conclusions of law, entered in the *Peterson* matter, and attach same hereto as Exhibit A.

7.The Bland Plaintiffs also hereby submit and incorporate by reference the Order entered in the *Peterson* matter, attached hereto as Exhibits B.

8.The Bland Plaintiffs respectfully submit that the issues pertaining to the Defendants' liability in this matter are the same as those issues that were before the Court in the *Peterson* matter, and accordingly as this Court has already heard and ruled on the issues involving the Defendants' liability for carrying out the

bombing that caused the deaths and/or injuries of the Bland Plaintiffs, hereby request that pursuant Fed. R. Evid. 201, this Court take judicial notice of the Memorandum Opinion in *Peterson*, and incorporate the findings therein in the instant case, thereby obviating the need for a separate trial on liability, as the liability for Marine Barracks Bombing has already been determined in *Peterson.*

9. Taking judicial notice of previously entered findings of fact and conclusions of law has been followed in other matters similar to this one, i.e. where a judge has entered findings of fact and conclusions of law and subsequently applied those same findings to a later filed case arising out of the same factual scenario. *See Prevatt v. Islamic Republic of Iran,* 421 F.Supp.2d. 152, 155 (D.D.C. 2006); *Haim v. Islamic Republic Iran,* 425 F.Supp.2d 56, 60 (D.D.C. 2006); *Valore v. Islamic Republic of Iran*, 03-cv-1959(RCL)(D.D.C).

10. The Bland Plaintiffs accordingly request that the Court enter Judgment on liability against the Defendants.

11. Upon the entry of Judgment on liability against the Defendants, the Bland Plaintiffs further request that this Court proceed as the Court may determine with the taking of the Plaintiffs' evidence of damages in this matter.

WHEREFORE, for the reasons set forth above, the Plaintiffs' respectfully request that this Honorable Court (1) take judicial notice of the Memorandum Opinion set forth in Exhibit A and the Order set forth in Exhibit B; (2) adopt the findings of fact and conclusions of law contained in said Memorandum Opinion as fully applicable to this matter; (3) enter Judgment as to the liability of the Defendants on behalf of the Bland Plaintiffs; (4) direct that damages evidence in the instant matter be taken by the Court as

3

the Court shall determine; (5) provide any such other relief as may be just and fitting under the facts and circumstances presented.

Dated: November 21, 2006                Respectfully submitted,

                                                HEIDEMAN NUDELMAN
                                                              & KALIK, P.C.
1146 19th Street, N.W., 5th Floor
Washington, DC  20036
Telephone:  202-463-1818
Telefax:  202-463-2999

By: /s/Richard D. Heideman
     /s/ Tracy Reichman Kalik

  Richard D. Heideman (No. 377462)
  Noel J. Nudelman (No. 449969)
  Tracy Reichman Kalik (No. 462055)

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister
1146 19th Street, NW 5th Floor
Washington, DC  20036
Telephone:  202-955-9055
Telefax:  202-955-3806

G:\Clients\Marine Barracks\Pleadings\Drafts\Marine Barracks I (Bland)\Motion to take Judicial notice.v1.doc