IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE ESTATE OF STEPHEN B. BLAND<br>By and through its Administrator,<br>RUTH ANN BLAND, et al,<br><br>           Plaintiffs<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al,<br><br>           Defendants | Civil Action No. 05-02124 (RCL) |

**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED
UNDER NEWLY ENACTED PUB. LAW. 110-181, SECTION 1083 AND FOR AN
ORDER THAT FURTHER SERVICE PURSUANT TO FED. R. CIV. P. 5(A) IS
NOT REQUIRED**

COME NOW the Plaintiffs, by and through counsel, and hereby move for leave to proceed pursuant to the newly enacted Defense Authorization Act for Fiscal Year 2008, ("Defense Authorization Act" or "Act"), Section 1083, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008) which creates 28 U.S.C § 1605A in substitution for 28 U.S.C. §1605(a)(7). Plaintiffs advise the Court that the Act was enacted on January 28, 2008 and on its face applies to pending actions against foreign sovereigns who are designated as state sponsors of terrorism, including the Defendants named herein.

The Plaintiffs also move this Court for an Order determining that Plaintiffs are not required to file, or serve, an amended complaint in the within action; and that in permitting the Plaintiffs to proceed under the newly enacted law, as same applies to this case, the Court is neither requiring the filing or service of an amended complaint under

the new law, Pub. L. No. 110-181, § 1083(c)(2)(A), and in support thereof advise the Court as follows:

1. This action was originally brought under 28 U.S.C. § 1605(a)(7), on October 30, 2005 by the Plaintiffs.

2. On December 6, 2006, this Court took judicial notice of the findings of fact and conclusions of law contained in the Memorandum Opinion filed by this Court in the consolidated cases of *Peterson, et al. v. Islamic Republic of Iran, et al.*, Civ. No. 01-02094 (RCL) (D.D.C.) and *Boulos, et al. v. Islamic Republic of Iran et al.,* Civ. No. 01-02684 (RCL) (D.D.C) and entered an Order in favor of the Plaintiffs issuing Judgment as to all issues of liability of the Defendants. The Court further ordered that all claims for damages be considered by an appointed Special Master, said effort is underway at this time

3. On January, 28, 2008, the President of the United States signed into law the Defense Authorization Act, Pub. L. No. 110-181. Section 1083 of this Act amends the FSIA by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this case was brought, and replaced it with 28 U.S.C. § 1605A. The wording of the new subject matter jurisdiction provision largely matches that of the old subject matter jurisdiction provision.

4. A copy of the new law Pub. Law No. 110-181, Sec. 1083, Defense Authorization Act, which contains the new 28 U.S.C § 1605A, is attached hereto as Exhibit A[1] for the Court's reference.

---

[1] In Exhibit A, Plaintiffs provide the Court with a copy from www.Thomas.com of the pertinent section of the Engrossed Bill signed on January 28, 2008. Pub. L. No. 110-181, § 1083 (2008).

5.  This new law provides, in pertinent part, the following modifications:

    a.  Creation of private right of action under federal law against any foreign state that is or was a state sponsor of terrorism as described in subsection 28 U.S.C. § 1605A(a)(2)(A)(i) and any official, employee or agent of that foreign state while acting within the scope of his or her office, employment for nationals of the United States (or their legal representatives) who were injured or killed by acts as described in subsection (a)(1).[2]  28 U.S.C. § 1605A(c).  The wording of this provision matches the wording of the Flatow Amendment, except to explicitly provide a cause of action directly against the foreign state itself, as the D.C. Circuit has held the Flatow Amendment did not provide such cause of action.  *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1034 (D.C. Cir. 2004).  Said private cause of action allows claims to be brought if the claimant or the victim was, at the time of the terrorist act, a national of the United States.

    b.  The new federal cause of action may be maintained for money damages which may include economic damages, solatium, pain and suffering and punitive damages.  In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents.  28 U.S.C. § 1605A(c).

---

[2] Subsection (a)(1) states that "a foreign state shall not be immune from suits in which money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state while acting within the scope of his or her office, employment or agency." This language matches the language from 28 U.S.C. § 1605(a)(7), the former section that prescribed the Court's subject matter jurisdiction in this case.

        c. The revised law specifically commands a broadly retrospective application to pending cases. Pub. Law. No. 110-181, Sec. 1083(c).

6. The Defense Authorization Act is explicitly retroactive:

   (c) Application to Pending Cases-

   > (1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

   (Exhibit 1 at p. 5-6).

7. Public Law No. 110-181, Sec. 1083(c)(2)(A) provides in pertinent part that with regard to its application to pending cases, for any prior action, such as the one that is currently before the Court, that:

   - if that action was originally brought pursuant to old section 28 U.S.C. § 1605(a)(7) or section 101(c) of Division A of Public Law 104-208, known as the "Flatow Amendment" before the enactment of the Act; and

   - relied on either of those provisions to create a cause of action; and

   - and was adversely affected on the grounds that either § 1605(a)(7) or the Flatow Amendment failed to create a cause action; and

   - is before the courts in any form, including appeal;

   - then on a motion made by the plaintiffs, in the district court where the action was initially brought, the action should be given effect as if the action had been originally filed under the revised provision, § 1605A(c).

8. Here, the action was originally brought by the Plaintiffs pursuant to § 1605(a)(7). These Plaintiffs' claims have been adversely affected by the application of a

ruling by the DC Circuit that the Flatow Amendment, as it existed prior to the enactment of the new law, did not provide a federal cause of action against a foreign sovereign and that Plaintiffs could not then assert or maintain a claim for punitive damages against the Defendants unless the new law passed.

9. Accordingly, as this case remains pending before this Court, pursuant to §1083(c)(2)(A) of the Defense Authorization Act, the Plaintiffs may make a motion to this Court to request that this Court apply as controlling law the newly enacted legislation which expressly contemplates its application to pending actions, and that the within action be considered and decided as if it were originally filed under the revised and substituted law, 28 U.S.C. § 1605A(c).

10. Moreover, Plaintiffs contend that they should not be required to serve Amended Complaint upon Defendants, who are in default and have no counsel of record before the Court, pursuant to Fed. R. Civ. P. 5(a)(2).

11. Ordinarily, Fed. R. Civ. P. 5(a)(2) would require the service upon a defendant of pleadings that assert a new claim for relief, even in a default setting.  However, while Plaintiffs seek to assert a cause of action under the revised federal law 28 U.S.C.§ 1605A(c), this cause of action is identical to the Flatow Amendment claims that Plaintiffs have already asserted against this sovereign defendant in their original complaint.

12. The Complaint as originally filed and pending before this Court, includes a separate count for punitive damages against these Defendants[3]. (See Complaint at

---

[3] Plaintiffs' note that on March 7, 2008, this Court entered an Order in the matter of *Acosta et al. v. the Islamic Republic of Iran, et al.*, 06-cv-745 (D.D.C), requiring service of an Amended Complaint filed pursuant to the passage of 28 U.S.C.§1605A.  This matter, however, is distinguishable from the *Acosta*, matter in that in this matter, the Complaint originally filed sought punitive damages against <u>all</u> Defendants,

pp.15-99, which enumerates the separate counts for punitive damages against all Defendants, including the Islamic Republic for Iran for each Plaintiff). The new federal cause of action[4] almost matches the Flatow Amendment[5] word-for-word, except the new law is explicitly available for use against foreign states rather than indirectly as Plaintiffs argued as a basis for inclusion in their original Complaint.

13. As Plaintiffs' new claim for relief is the same as the claim for relief previously asserted and served upon Defendants, except for the ministerial substitution by Congress of 28 U.S.C.§1605A in place of 28 U.S.C.§1605(a)(7), service of such

---

specifically including the Islamic Republic of Iran, accordingly the Islamic Republic of Iran had notice that punitive damages were being sought against it. In *Acosta*, the plaintiffs only sought punitive damages against MOIS.

[4] P.L. 110-181: Private Right of Action.--A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to--
   "(1) a national of the United States,
   "(2) a member of the armed forces,
   "(3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
   "(4) the legal representative of a person described in paragraph (1), (2), or (3),for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

[5] P.L. number 104-208: Liability of agents of state sponsors of terrorism to U.S. nationals. Act Sept. 30, 1996, P.L. 104-208, Div A, Title I, § 101(c) [Title V, § 589], 110 Stat. 3009-172, provides:
   "(a) An official, employee, or agent of a foreign state designated as a state sponsor of terrorism designated under section 6(j) of the Export Administration Act of 1979 [50 USCS Appx § 2405(j)] while acting within the scope of his or her office, employment, or agency shall be liable to a United States national or the national's legal representative for personal injury or death caused by acts of that official, employee, or agent for which the courts of the United States may maintain jurisdiction under section 1605(a)(7) of title 28, United States Code, for money damages which may include economic damages, solatium, pain, and suffering, and punitive damages if the acts were among those described in section 1605(a)(7).
   "(b) Provisions related to statute of limitations and limitations on discovery that would apply to an action brought under 28 U.S.C. 1605(f) and (g) shall also apply to actions brought under this section. No action shall be maintained under this action if an official, employee, or agent of the United States, while acting within the scope of his or her office, employment, or agency would not be liable for such acts if carried out within the United States.".

new claim for relief is, and should be determined by the Court to be, unnecessary.[6]

14. The Plaintiffs further note to the Court that service of the final judgment, when entered by the Court against the defaulting foreign sovereign defendant, will be made as it is still explicitly required by the FSIA. 28 U.S.C. § 1608(e). It has been the practice that the defaulted foreign sovereign has 30 days from the date of service of the final judgment to enter, move to vacate or file a notice of appeal.

15. Plaintiffs respectfully request an expedited ruling on the within Motion.

**WHEREFORE,** for the reasons set forth above, Plaintiffs' request that this Court (1) enter an Order, which grants the Plaintiffs' motion to deem as controlling law the newly enacted Pub. Law No. 110-181, Sec. 1083(c)(2)(A) and that Plaintiffs be granted leave to proceed under 28 U.S.C. § 1605A; (2) Order that the Plaintiffs are entitled to relief pursuant to the federal cause of action created thereunder, and to punitive damages as the Court may determine in accordance with the substituted statute when it enters its Order of Judgment as to Plaintiffs' damages; and (3) Order that Plaintiffs are not required to file an Amended Complaint, nor are they required to re-serve the Complaint herein, as said Complaint as originally filed gave notice to the Defendants of Plaintiffs assertion that there was a federal cause of action and that they were entitled to an award of punitive damages. Plaintiffs request that further service upon the Defendants shall not required until such time as the court has entered a final judgment herein, which shall be served in accordance with 28 U.S.C. § 1608(e).

---

[6] On February 27, 2008, in the matter of *Gates v. Syrian Arab Republic,* 06-cv-1500 (D.D.C.), Judge Collyer held that the plaintiffs in that matter, who presented a similar motion to that court, could proceed under 28 U.S.C.§1605A and that further service under Fed. R. Civ. P. 5(a)(2) was not required. See *Gates* Order attached as Exhibit B.

A proposed Order is attached.

Dated: March 10, 2008                    Respectfully submitted,

                                         HEIDEMAN NUDELMAN
                                           & KALIK, P.C.
                                         1146 19th Street, N.W., 5th Floor
                                         Washington, DC  20036
                                         Telephone:  202-463-1818
                                         Telefax:  202-463-2999

                                         By: _/s/Richard D. Heideman_____
                                              _/s/ Tracy Reichman Kalik_____

                                            Richard D. Heideman (No. 377462)
                                            Noel J. Nudelman (No. 449969)
                                            Tracy Reichman Kalik (No. 462055)


                                         PERLES LAW FIRM, P.C
                                         Steven R. Perles (No. 326975)
                                         Edward MacAllister
                                         1146 19th Street, NW 5th Floor
                                         Washington, DC  20036
                                         Telephone:  202-955-9055
                                         Telefax:  202-955-3806