IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                              )
THE ESTATE OF STEPHEN B. BLAND            )
By and through its Administrator,                     )
RUTH ANN BLAND, et al,                            )
                                                              )
                    Plaintiffs                            )
                                                              )
v.                                                            )  Civil Action No. 05-02124 (RCL)
                                                              )
THE ISLAMIC REPUBLIC OF IRAN, et al,     )
                                                              )
                    Defendants                          )
_____)

## MOTION TO RECONSIDER THIS COURT'S ORDER OF DISMISSAL OF CERTAIN PLAINTIFF'S CLAIMS

COME NOW, Plaintiffs, The Estate of Frank Bland, The Estate of Laura V. Copeland and the Estate of Patricia Lou Smith (hereinafter "Certain Plaintiffs"), by and through counsel, and hereby move pursuant to F.R. Civ. P. 59(e) for this Court to reconsider and alter or amend its Order of August 9, 2011 dismissing their claims without prejudice.[1]  In support of this Motion, the Certain Plaintiffs state as follows:

1.   August 1, 2011 the Special Master provided his certification to the Court that he had received all materials from the plaintiffs to complete his reports, except for certain claims including the claims of the Certain Plaintiffs now applying for reconsideration with the Court.

2.   In the circumstances of these Certain Plaintiffs, the Special Master was unable to certify that he had received everything he required for purposes of preparing his

_____

[1] This motion is made only on behalf of the Plaintiffs named herein, and not on behalf of any of the other Plaintiffs whose claims were also dismissed by the Court's August 9, 2011 Order, namely:  Michael Anderson, the Estate of Sidney Decker, Dudley Decker, Ida Decker, Johnnie Decker, Carolyn Mudd and Faith Weeks.

Report and Recommendation as to each Plaintiff, because the three named Certain Plaintiffs, each being Estates, did not have copies of Letters of Administration for the Estates, each of which are now moving for reconsideration for the reasons set forth below. All other documents and testimony in support of their claims had been provided.

3. Letters of Administration have now been received and provided to the Special Master for (i) the Estate of Frank Bland, (ii) the Estate of Laura V. Copeland, and (iii) the Estate of Patricia Lou Smith.

4. Accordingly, the Special Master now has everything which he would need to complete his reports for each of these Certain Plaintiffs.

5. As to Certain Plaintiffs, the Estates of Frank Bland and Laura V. Copeland, their claims arise out of the death of their brother, Stephen B. Bland in the Marine Barracks Bombing. The Court is advised that additional Bland family members are Plaintiffs in the within in action, specifically Ruth Ann Bland and James Bland, each of whom have been fully responsive in this matter. The Estate of Frank Bland is represented by James Bland and the item which was needed by the Special Master, specifically, the Letter of Administration for Frank Bland's estate, has now been received and provided. The Estate of Laura V. Copeland is represented by her husband,S teven Edward Copeland, who is not individually a Plaintiff in this matter. However, the item which was needed by the Special Master, specifically the Letter of Administration for Laura Copeland's estate, has now been received and provided.

6. As to Certain Plaintiff, the Estate of Patricia Lou Smith her claim arises out of the death of her son, Michael Massman in the Marine Barracks Bombing. The Court is

advised that additional Massman family members are Plaintiffs in the within action, specifically  Nicole Gomez, Angela Massman, Kristopher Massman and Lydia Massman, each of whom have been fully responsive in this matter. The Estate Patricia Lou Smith is represented by her daughter, Vickie R. Peyerk, who is not individually a Plaintiff in this matter. However, the item which was needed by the Special Master, the Letter of Administration for Ms. Smith's estate, has now been received and provided.

7.  The Certain Plaintiffs respectfully request that the Court reconsider its Order of August 9, 2011 pursuant to this timely request for reconsideration.  F.R.C.P. 59(e) (Requests to alter or amend must be filed within 28 days after entry of the Order).

8.  Reconsideration is within the Court's discretion and is appropriate when there is "the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir.2006) (internal quotation marks and citation omitted); Lindell v. Landis Const. Co., 2010 WL 3323809, at *1 (D.D.C.) (D.D.C. 2010).

9.  Here, new evidence exists in that the requested Letters of Administration for these Certain Plaintiffs have now been obtained by counsel and provided to the Special Master, and therefore to dismiss the claims of the Certain Plaintiffs when all required and requested information has been provided would result in manifest injustice to these Certain Plaintiffs.

10. Moreover, there is no prejudice to the other Plaintiffs whose claims are pending before this Court in this matter, as the Special Master has not yet completed all of his

Reports to the Court in this matter, and therefore the Court has not yet entered its Final Judgment in this matter.

11. Should the Court not grant these Certain Plaintiffs' Motion to Reconsider the dismissal without prejudice of their claims, they will be without remedy in this action except to re-file their claims with the Court, and requesting the Court as a new action recognize them as related to the pending action, as they have other family members whose claims are pending in this matter before the Court.

12. In the interests of justice and judicial economy, the Certain Plaintiffs accordingly request that the Court grant this Motion.

13. WHEREFORE, for the reasons cited above, and in the interests of the most expedient justice that can be provided to these Certain Plaintiffs, the Certain Plaintiffs respectfully request that this Court alter and amend its order of August 9, 2011 and vacate that portion of the Order which dismissed the claims of the Estate of Frank Bland, The Estate of Laura V. Copeland and the Estate of Patricia Lou Smith without prejudice, thereby reinstating the claims of the Certain Plaintiffs in this action.

Dated:  September 6, 2011

Respectfully Submitted,

HEIDEMAN NUDELMAN
& KALIK, P.C.
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone:  202-463-1818
Telefax:      202-463-2999

By:  ___/s/Tracy Reichman Kalik___
     Richard D. Heideman (No. 377462)
     Noel J. Nudelman (No. 449969)
     Tracy Reichman Kalik (No. 462055)

Of Counsel:

Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806


Thomas Fortune Fay
The Law Office of Thomas Fortune Fay
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
(202) 638-4534